UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAN EDMONDSON and JACQUELYN STEPHENS, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No.: _____<br>)<br>) Judge: _____ |
| DOJI, INC., doing business as "DEMOS' STEAK & SPAGHETTI HOUSE" and and PETER DEMOS, | )<br>)<br>) JURY DEMAND<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Representative Plaintiffs, Dean Edmondson and Jacquelyn Stephens, on behalf of themselves and all others similarly situated, file this lawsuit against Defendant ODJI, Inc., d/b/a "Demos' Steak & Spaghetti House and Defendant Peter Demos, pursuant to Section 216 (b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for their cause of action state as follows:

### Parties

1. Representative Plaintiff Dean Edmondson ("Edmondson") is and was at all times mentioned herein an individual who resides in the Middle District of Tennessee.

2. Representative Plaintiff Jacquelyn Stephens ("Stephens") is and was at all times mentioned herein an individual who resides in the Middle District of Tennessee.

3. Defendant DOJI, Inc., d/b/a Demos' Steak & Spaghetti House ("Demos'") is a domestic corporation incorporated under the laws of Tennessee and authorized to do business in Tennessee. Its registered agent for service of process is Felica K. Demos, 1119 NW Broad St., Murfreesboro, TN 37129.

4. While Plaintiffs worked for Defendant DOJI's Demos' Steak & Spaghetti House restaurants, Defendant Peter Demos was and is a corporate office and shareholder of DOJI, Inc. and has operational control over the company. On information and belief, Mr. Demos may be served at 2914 Palace Place, Murfreesboro, Tennessee 37129.

## Jurisdiction and Venue

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

6. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. Section 1391(b) because the acts complained of herein occurred in this District and Plaintiffs worked in the State of Tennessee for the Defendants within the territory of the Middle District of Tennessee.

## Facts

7. At all times material to this action, Defendant Demos' was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

8. At all times material to this action, Defendant Peter Demos was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

9. Plaintiffs were employed by Defendants within the last three years at Defendants' restaurant located in Davidson County, Tennessee.

10. While Plaintiffs worked at Defendants' restaurant, Demos' was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

11. While Plaintiffs worked at Defendants' restaurant, Defendant Peter Demos was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

12. While Plaintiffs worked at Demos' restaurant, Plaintiffs and all others similarly situated were "employees" of Demos' as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

13. While Plaintiff worked for Defendant Peter Demos, Plaintiff and all others similarly situated was an "employee" of Defendant Peter Demos as defined by Section 203(e)(1) of the FLSA, and worked for Defendant Peter Demos within the territory of the United States within three years preceding the filing of this lawsuit.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

15. While Plaintiffs were employed by Defendants, Plaintiffs held the position of "server" which included taking food and drink orders for Defendants' customers and cleaning the restaurant.

## Minimum Wage Violations

16. While Plaintiffs were employed by Defendants as a server in Defendants' restaurant, Plaintiffs were hourly employees who were entitled to minimum wages, pursuant to Section 206 of the FLSA.

17. Defendants did not allow Plaintiffs to record all hours worked.

18. Plaintiffs were not paid minimum wage for all hours worked

19. Defendants' illegal pattern and practice with respect to requiring its servers to not record all time worked, was and is in violation of the FLSA.

20. Defendants paid Plaintiffs less than the minimum wage, taking advantage of a tip credit, which allows Defendants to include in its calculation of Plaintiffs' wages any amounts

that Plaintiffs received in tips, pursuant to 29 U.S.C. § 203(m).

21. Defendants did not pay Plaintiff Stephens all tips earned by her.

22. Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA.

23. Defendants knowingly, willfully, and/or with reckless disregard carried, and continue to carry, out this illegal pattern or practice.

24. Defendants' violations of Section 206 of the FLSA were willful.

25. Defendants' violations of Section 206 of the FLSA were not in good faith.

26. As a result of Defendants' failure to comply with Section 206 of the FLSA, Defendants are liable to Plaintiffs for back pay.

27. In addition to the amount of unpaid minimum wages owed to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

## **Violation of Overtime Requirement**

28. While Plaintiffs were employed by Defendants, they were hourly employees who were entitled to overtime wages at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

29. While Plaintiffs were employed by Defendants, Plaintiffs worked more than 40 hours per work week during certain work weeks, but were not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

30. Defendants' violations of Section 207 of the FLSA were willful.

31. Defendants' violations of Section 207 of the FLSA were not in good faith.

32. As a result of Defendants' failure to comply with Section 207 of the FLSA,

4

Case 3:12-cv-01136  Document 1  Filed 11/02/12  Page 4 of 6 PageID #: 4

Defendants are liable to Plaintiffs for overtime back pay.

33. In addition to the amount of unpaid overtime wages owing to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

34. Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## Similarly Situated Plaintiffs

35. Plaintiffs are aware of other similarly situated employees and/or former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, Plaintiffs are aware of other employees of Defendants who worked as servers and were required to work off-the-clock and who were not paid for all hours worked or not paid overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during each work week. All other employees who have worked for Defendants within the last three years and who have not been paid minimum wage for all hours worked and who have not been paid overtime wages for all hours worked over 40 during each work week are similarly situated to Plaintiffs and should be given notice of this lawsuit and the opportunity to join.

36. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, and attorney's fees.

## Consents

37. Pursuant to Section 216(b), attached hereto and filed with this Complaint are Plaintiffs' Consents to Become Party Plaintiff.

WHEREFORE, Plaintiffs pray for the following relief:

1. That they be awarded damages in the amount of his respective unpaid minimum wages and overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest;

2. That Plaintiffs be allowed to give notice to all other potential Plaintiffs who may be similarly situated, or that the court issue such notice;

3. That other similarly situated former and present employees be given the opportunity to join this lawsuit as party Plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4. Reasonable attorney's fees;

5. Prejudgment interest;

6. Post-judgment interest;

7. The costs and expenses of this action, including discretionary costs; and

8. Such other, further general legal and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/Randall W. Burton
Randall W. Burton, #15393
144 Second Avenue, North
Suite 212
Nashville, TN 37201
(615) 620-5838
randallwburton@gmail.com